959 F.2d 230
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Dale CHRISTMAN, ET AL., Plaintiffs, Appellants,
v.
E.W. WIGGINS AIRWAYS, INC., a/k/a Wiggins Aviation,
Defendant, Appellee,
v.
HUGHES HELICOPTERS, INC., Third-Party Defendant, Appellee.
Dale CHRISTMAN, ET AL., Plaintiffs, Appellees,
v.
E.W. WIGGINS AIRWAYS, INC., a/k/a Wiggins Aviation,
Defendant, Appellee,
v.
HUGHES HELICOPTER, INC., Third Party Defendant, Appellant.
 Nos. 91-1156, 91-1157.
 United States Court of Appeals,
First Circuit.
 April 8, 1992
 
 Patricia D. Stewart with whom Timothy J. Healey and Healey & Stewart were on brief for appellants Dale Christman and Dorothy Christman.
 Peter T. Kirchen with whom Kern and Wooley, Stephen T. Keefe and Law Offices of Stephen T. Keefe were on brief for Hughes Helicopters, Inc.
 Cynthia J. Cohen with whom Peter J. Black, Michael B. Bogdanow, and Meehan, Boyle & Cohen, P.C. were on brief for E.W. Wiggins Airways, Inc.
 Before Torruella, Circuit Judge, Campbell and Weis,* Senior Circuit Judges.
 Per Curiam.
 
 
 1
 This is a diversity suit in which the plaintiff seeks damages for personal injuries sustained as a result of alleged negligence on the part of defendant E. W. Wiggins Airways, Inc. Plaintiff contended that the helicopter he was piloting lost power and crashed as a result of defective repairs performed by the defendant Wiggins. After a six week trial, the jury answered "No" to a special interrogatory, "Was the crash caused in whole or in part by negligence in repair work on the part of E.W. Wiggins Airways?"
 
 
 2
 In arguing for a new trial, plaintiff is joined by his employer, Hughes Helicopters, Inc., the third-party defendant that filed a counterclaim in the district court against Wiggins for damage to the helicopter. The jury's determination that the crash was not the result of negligence on the part of Wiggins foreclosed Hughes' counterclaim, and mooted the contention that the district court erred in allowing Hughes to be a third-party defendant in the action. After reviewing the record and hearing argument by the parties, we will affirm.
 
 
 3
 Plaintiff and Hughes raise a number of issues on appeal. Plaintiff places heavy emphasis on his argument that the district court erred in curtailing cross-examination of Wiggins' expert, Wetzel. The district judge, however, simply limited the use of an exemplar in cross-examining this witness when plaintiff requested additional time to prepare for a demonstration.
 
 
 4
 A court is not required to suspend trial proceedings so that a demonstration can be presented when the point at issue may be developed more expeditiously in another manner. Here plaintiff was given ample opportunity to develop his point by questioning the witness. In addition, plaintiff had presented countervailing testimony on the subject by his own expert. We cannot say in these circumstances that the trial judge abused his discretion in controlling the scope of cross-examination. See Smith & Wesson v. United States, 782 F.2d 1074, 1083 (1st Cir. 1986).
 
 
 5
 Plaintiff and Hughes also assert that the district court erred in admitting evidence referring to unexplained flame-outs in other aircraft and failing to allow introduction of the report of the National Transportation Safety Board. In addition, plaintiff challenges Wetzler's expert qualifications and the foundation of his expert testimony. We find no reversible error by the district court in its rulings on these matters.
 
 
 6
 Plaintiff also complains that the district court failed to give customary admonitions to the jury on their conduct during the trial. Plaintiff and Hughes, however, have cited us to no instances in which they requested such cautions be given the jury and we do not consider the alleged absence of such instructions to be clear error.
 
 
 7
 Nor do we consider the brevity of the jury deliberations in this case to be evidence of improper jury action. See Kearns v. Keystone Shipping Co., 863 F.2d 177 (1st Cir. 1988). Although parts of the testimony discussed somewhat complex engineering concepts, the issue as to Wiggins was straightforward: did it perform the repairs negligently? The jury concluded on the evidence that the plaintiff had not met his burden of proving that essential element.
 
 
 8
 Finally, plaintiff and Hughes contend that the verdict was against the weight of the evidence. We find no merit to this contention. There was evidence from which the jury could properly conclude that Wiggins was not negligent. Whether some other party may have been at fault is irrelevant to the jury's decision that Wiggins was free of responsibility.
 
 
 9
 Fundamentally, the issues in this case were typical matters for a jury in determining whether negligence caused the personal injuries. The case was fairly tried and the jury was correctly instructed so that it could properly answer the factual questions.
 
 
 10
 The district court judgments on both the plaintiffs' claim and Hughes' counterclaim are therefore
 
 
 11
 Affirmed.
 
 
 12
 ---------------
 
 
 
 *Of the Third Circuit, sitting by designation.